IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Palmetto Conservation Foundation, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:08-2738-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| H.J. Smith, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Palmetto Conservation Foundation's ("the Foundation") motion for summary judgment and motion for sanctions. For the reasons set forth below, the Foundation's motions are denied with leave to refile.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

During the Nineteenth Century and continuing up through the earlier half of the Twentieth Century, the Greenville & Columbia Railroad Company and the Southern Railway Company obtained rights-of-way from landowners in South Carolina for the construction and operation of banked rail transportation corridors. Over time, the Norfolk Southern Railway Company ("Norfolk Southern") acquired those rights-of-way, and thereby became the successor-in-interest to those easements.

By January 1995, segments of the Norfolk Southern rail transportation corridor had fallen out of continuous use. Rather than concede the termination of its rights-of-way, Norfolk Southern filed a notice with the United States Surface Transportation Board ("the STB") seeking an

1

exemption from federal laws regarding abandonment of rail transportation corridors.  The exemption was granted, and the rail corridors were considered not to have been abandoned.

At the same time, Norfolk Southern had entered into negotiations with various state governmental agencies regarding the conversion of its rail corridors into public trails.  Generally, the use of these rail banks for public trails would be subject to prohibition by the owner of the underlying estate simply because the anticipated use would exceed the scope of the encumbrance granted.  However, through the National Trails Systems Act, 16 U.S.C. § 1247, Congress expressly authorized the preservation for future use of rail corridors that had fallen out of continuous use by converting those corridors into public trailways.

In particular, Norfolk Southern had been negotiating the transfer of an eleven-mile stretch of rail corridor in Newberry County, South Carolina.  By quitclaim deed and contract of sale dated August 31, 1999, Norfolk Southern transferred its interest in the eleven-mile corridor to the Foundation for the purposes of trail use until such time as the rail corridor may be reclaimed for active transportation service.  In this manner, the easements were perpetuated, in some cases, over the objections of the burdened landowners.

In 2003, several of those landowners filed a civil action to set aside the transfer of interest from Norfolk Southern to the Foundation.[1]  It was their contention that Norfolk Southern's discontinuation of rail traffic on the corridor amounted to an abandonment of the easement, and that their respective lands were no longer encumbered by the rights that Norfolk Southern once held.  Among the plaintiffs in that litigation was the defendant in this case, H.J. Smith ("Smith").

---

[1] H.J. Smith et al. v. Palmetto Conservation Found., C.A. No. 8:03-1587-HMH (D.S.C.).

On March 29, 2004, summary judgment was granted for the Foundation.  The court held that Norfolk Southern did not abandon its rights-of-way to the rail transportation corridor, and that the STB had the authority to permit the rails' conversion to trails.  In short, the Foundation was the valid holder of Norfolk Southern's rights-of-way in the disputed rail corridor.

Smith is, as he was in 2003, the fee simple owner of a parcel of property situated along the old Norfolk Southern rail bank.  Norfolk Southern's easement, which the Foundation now holds, runs for 100 feet on either side of the rail bank, as measured from the bank's centerline.  This includes a .22-acre parcel known as "the Depot."

The Foundation contends that Smith has engaged in site preparation on the subject property, and that specifically, Smith has cut trees, cleared and graded land, and constructed a permanent road, parking lot, and building site upon the property.  In addition, Smith allegedly has threatened individuals who have come onto the property to construct the public trail with prosecution, and indicated that he will begin construction of a permanent office building on the subject property within the near future.  All of these acts are inconsistent with the Foundation's easement, and more importantly, without the Foundation's permission, these acts are inconsistent with the prior order of this court.

At the hearing on this matter, Smith never denied the conduct that has prompted this motion or contested the entry of a preliminary injunction against him.  The court entered a preliminary injunction on August 14, 2008.  Palmetto Conservation filed a motion for summary judgment and a motion for sanctions on November 5, 2008.  Smith responded on December 8, 2008.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. The Foundation's Motion

The Foundation moves for summary judgment and for sanctions based on Smith's interference with the Foundation's 200-foot right-of-way and failure to comply with the court's March 29, 2004 order. The Foundation alleges that it is entitled to judgment against Smith for

actual and punitive damages and a permanent injunction enjoining Smith from entering and interfering with the 200-foot right-of-way. (Pl.'s Mem. Supp. Summ. J. 3.) In addition, the Foundation seeks civil contempt sanctions.

Smith counters that the court's March 29, 2004 order determined that the railroad had not abandoned the right-of-way, but did not determine "the issue of right of use of the easement by the adjoining landowners such as Defendant." (Def.'s Mem. Opp'n Summ. J. 13.) Smith submits that discovery is necessary concerning the issues in this case because he attempted in good faith to meet with the Foundation and believed that an agreement had been reached concerning his use of the land. In addition, Smith alleges that his use of the property comports with the rights created by the original grantor in 1847. The court has reviewed the submissions of the parties and finds that material facts are in dispute. The court agrees that discovery is necessary concerning the Plaintiff's claims. Hence, the Foundation's motion for summary judgment and motion for sanctions are denied without prejudice to refile.

Therefore, it is

**ORDERED** that the Foundation's motion for summary judgment, docket entry 32, and motion for sanctions, docket entry 33, are denied with leave to refile. It is further

**ORDERED** that the Foundation's motion for a permanent injunction, docket entry 4, is denied with leave to refile.

**IT IS SO ORDERED.**

            s/Henry M. Herlong, Jr.
            United States District Judge

Greenville, South Carolina
December 18, 2008