IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Palmetto Conservation Foundation,  )
                                   )
                   Plaintiff,      )    C.A. No. 8:08-2738-HMH
                                   )
        vs.                        )    **OPINION & ORDER**
                                   )
H.J. Smith,                        )
                                   )
                   Defendant.      )

This matter is before the court on Palmetto Conservation Foundation's ("the Foundation") second motion for civil contempt and sanctions. In 2003, several landowners, including H.J. Smith ("Smith"), filed a civil action to set aside the transfer of interest from Norfolk Southern to the Foundation.[1] The landowners alleged that Norfolk Southern's discontinuation of rail traffic on the corridor amounted to an abandonment of the right-of-way, and that their respective lands were no longer encumbered by the rights that Norfolk Southern once held. On March 29, 2004, summary judgment was granted for the Foundation. The court held that Norfolk Southern did not abandon its right-of-ways to the rail transportation corridor, and that the Surface Transportation Board ("STB") had the authority to permit the conversion of the rails to trails. In sum, the Foundation was the valid holder of Norfolk Southern's right-of-ways in the disputed rail corridor.

Smith is the fee simple owner of a parcel of property situated along the old Norfolk Southern rail bank. A portion of the eleven-mile rail corridor running through the town of Peak

---

[1] H.J. Smith et al. v. Palmetto Conservation Found., C.A. No. 8:03-1587-HMH (D.S.C.).

1

is situated through Smith's property. Norfolk Southern's right-of-way, which the Foundation now holds, hereinafter referred to as the "subject property," runs for 100 feet on either side of the rail bank as measured from the bank's centerline and includes a .22-acre parcel known as "the Depot." (Compl. Ex. A (Property Description).)

In its motion, the Foundation seeks sanctions based on Smith's actions since the court's decision in 2004. Specifically, the Foundation alleges that Smith should be sanctioned for the following:

1. Challenging the authenticity of the Quitclaim Deed to the right-of-way to Plaintiff, which the District Court had found was authorized by the Surface Transportation Board, by characterizing it as "ambiguous" and "arguably a nullity";

2. Refusing to comply with the District Court's decision that found the Surface Transportation Board, under the National Trails Act, was given authority to authorize the Railroad and the Foundation to enter an interim trail use agreement, under which railroad rights-of-way may be (and in this case was) converted to a recreational trail under 16 USC 1247(d);

3. Refusing to acknowledge that the District Court had jurisdiction to find that the right-of-way had not been abandoned, by stating that the question of the right-of-way ownership and privileges should be addressed in a Court with "proper jurisdiction", such as the State Circuit Court, the Appeals Court and the South Carolina Supreme Court; and

4. By willfully and intentionally ignoring the findings of the District Court in its Order of March 29, 2004, by interfering with Plaintiff's and the public's use of the right-of-way as a[n] interim recreational trail and by damaging the right-of-way by clearing and constructing facilities within the right-of-way as shown by his willful statement, "I will continue to use this land for my benefit until and unless the South Carolina Supreme Court overrules and reverses the Court decision made in 1918."

(Pl.'s Mem. Supp. Mot. Contempt 10.)  Although some of Smith's actions were inconsistent with the Foundation's right-of-way and with the prior order of this court, the court finds that the Foundation has not proven civil contempt by clear and convincing evidence.

> To hold a party in civil contempt, the following four elements must be established by clear and convincing evidence:
>
> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;
>
> (2) . . . that the decree was in the movant's "favor";
>
> (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violation; and
>
> (4) . . . that [the] movant suffered harm as a result.

Buffalo Wings Factory, Inc. v. Mohd, 574 F. Supp. 2d 574, 577 (E.D. Va. 2008) (quoting Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000)).  A finding of civil contempt requires that the alleged contemnor knowingly violate a court order.  The court has reviewed the record and finds that the Foundation has failed to prove by clear and convincing evidence that Smith knowingly violated the terms of this court's 2004 order.

Therefore, it is

**ORDERED** that the Foundation's second motion for civil contempt and sanctions, docket entry 104, is denied.

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
August 19, 2009